UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOEL DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:13-cr-00004-NT-1 |
| | ) | 2:23-cv-00247-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 244.) Following a jury trial, Petitioner was convicted of possessing child pornography; the Court sentenced Petitioner to ninety-six months in prison. (Judgment, ECF No. 145.) The First Circuit affirmed. *United States v. Dudley*, 804 F.3d 506 (1st Cir. 2015). The Government asks the Court to dismiss the motion because it was filed after the expiration of the one-year statute of limitations. (Response, ECF No. 255.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2012, Petitioner was arrested and charged in a criminal complaint with one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). (Complaint, ECF No. 1.) The grand jury returned an indictment on the

same charge in January 2013.  (Indictment, ECF No. 29.)  Petitioner sought to suppress certain evidence against him; after a hearing, the Court denied the request.  (Motion to Suppress, ECF No. 40; Suppression Hearing, ECF No. 46; Recommended Decision, ECF No. 49; Order, ECF No. 53.)  Based on statements made under oath in connection with the suppression hearing, Petitioner was indicted separately in June 2014 for making a false declaration before a court in violation of 18 U.S.C. § 1623(a).  (Indictment, 2:13-cr-00116-GZS-1, ECF No. 1.)

Following a trial in February 2014, a jury found Petitioner guilty on the possession of child pornography charge.  (Jury Verdict, ECF No. 117.)  Following a trial in April 2014, a jury found Petitioner guilty on the false declaration charge.  (Jury Verdict, 2:13-cr-00116-GZS-1, ECF No. 58.)  In September 2014, the Court sentenced Petitioner to ninety-six months in prison on the child pornography offense and sixty months in prison on the false declaration offense, to be served concurrently.  (Judgment, ECF No. 145; 2:13-cr-00116-GZS-1, ECF No. 74.)

Petitioner filed an appeal; in October 2015, the First Circuit affirmed.  *United States v. Dudley*, 804 F.3d 506 (1st Cir. 2015).  Petitioner filed a petition for a writ of certiorari from the United States Supreme Court; the Supreme Court denied the petition in March 2016.  *Dudley v. United States*, 577 U.S. 1200 (2016).

Petitioner filed the section 2255 motion in June 2023.  (Motion, ECF No. 244.)  In the motion, Petitioner contends the Court improperly allowed the Government to present evidence during closing argument.

## DISCUSSION

"A 1-year period of limitation" applies to a collateral attack on a federal conviction. 28 U.S.C. § 2255(f). The period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on September 22, 2014. Petitioner filed an appeal, the First Circuit affirmed, and Petitioner filed a petition with the Supreme Court seeking a writ of certiorari. Petitioner's judgment became final on March

7, 2016, when the Supreme Court denied his request for further appellate review. *See In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006) (when a defendant unsuccessfully seeks a writ of certiorari, "every circuit that has addressed the issue has concluded that a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied"). The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on March 7, 2017. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner dated his motion on June 3, 2023, and the Court received it on June 14, 2023, more than seven years after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner has not alleged any facts or made any argument that would support equitable tolling.

Because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of December, 2023.